UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RONALD EUGENE JONES,**

    **Petitioner,**

-vs-                                                Case No. 8:12-CV-1284-T-27TBM

**SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,**

    **Respondents.**
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), and a memorandum of law in support of the petition (Dkt. 2). Petitioner contends that he is entitled to immediate release from incarceration on the ground that his sentence has expired. Respondent Florida Parole Commission filed a response to the petition, arguing that the petition should be dismissed: 1) for failure to exhaust state remedies; 2) as time-barred; and 3) because Petitioner's claims fail on the merits (Dkt. 9). Respondent Florida Department of Corrections also filed a response to the petition, arguing that the petition must be dismissed for Petitioner's failure to exhaust his state remedies (Dkt. 10). Although afforded the opportunity, Petitioner did not file a reply to the responses (see Dkt. 7 at p. 4).

The Court subsequently directed Respondents to supplement the record with "1) all post-conviction motions filed by Petitioner pursuant to Rules 3.800(a) and 3.850, Fla.R.Crim.P., in case number CF89-002559 in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida; 2) all orders resolving those motions; and 3) all briefs filed by Petitioner in case numbers

2D10-167 and 2D10-4260 in the District Court of Appeal of Florida, Second District." (Dkt. 14). Respondents supplemented the record as directed and filed a "Renewed Motion to Dismiss for Failure to Exhaust State Remedies." (Dkt. 15).

Upon consideration, Petitioner's petition is denied.

## PROCEDURAL HISTORY

In 1990, Petitioner pleaded guilty to armed robbery and armed false imprisonment that he committed in June 1989 (Dkt. 9, Ex. B at p. 5). On April 13, 1990, Petitioner was sentenced to concurrent terms of 10 years imprisonment for both convictions followed by 2 years probation (Id. at pp. 7-9). Because Petitioner received gain time and overcrowding credits, he was released from prison to probation on November 12, 1991 (Dkt. 10, Ex. 1 at p. 2; Ex. 10 at 82). Petitioner violated his probation, and he was re-sentenced on October 19, 2006, to concurrent terms of 13 years imprisonment for both convictions, with credit for all prison time previously served and gain time earned (Dkt. 10, Ex. 3 at pp. 28-35; Ex. 10 at pp. 82-83).[1] On December 21, 2007, Petitioner was released to conditional release supervision (Dkt. 10, Ex. 4 at pp. 38-39; Ex. 10 at p. 83). Petitioner violated the conditions of his supervision, and his conditional release was revoked on October 1, 2008 (Dkt. 10, Ex. 5 at pp. 41-42; Ex. 10 at p. 84). The Florida Department of Corrections forfeited all of the gain time applied to the 13-year prison term Petitioner was serving prior to his release to conditional release supervision (Dkt. 10, Ex. 10 at p. 84). Because Petitioner had served less than 4 years in prison at the time his conditional release supervision was revoked in 2008, he was required to serve the remaining 9 years of his 13-year prison sentence (Dkt. 10, Ex. 10 at p. 77).

---

[1]Petitioner apparently absconded from his probation supervision in December 1992, and remaineda fugitive until October 2006 (Dkt. 15, Ex. B - Part 1 at p. 59).

2

On March 9, 2009, Petitioner filed a Motion to Clarify Sentence in the Tenth Judicial Circuit Court, Polk County, Florida (Dkt. 15, Ex. B - Part 1 at docket pp. 7-9). The circuit court denied the motion on April 29, 2009 (Id. at docket pp. 11-12). Petitioner did not appeal.

On March 31, 2009, Petitioner filed a Petition for Writ of Mandamus in the Florida First District Court of Appeal (Dkt. 10, Ex. 8 at pp. 50-63). The petition was transferred to the circuit court in Leon County, Florida (Id. at p. 50). The state circuit court denied the petition for mandamus relief on August 26, 2010 (Dkt. 10, Ex. 11 at pp. 89-92). Petitioner did not appeal.

On October 28, 2009, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P., in the Polk County circuit court (Dkt. 15, Ex. B - Part 1 at docket pp. 23-40). The circuit court denied the motion on December 14, 2009, finding that the motion was untimely, and that the claims were (1) not cognizable in a Rule 3.850 motion, and (2) without merit (Id. at docket pp. 42-43). Petitioner appealed, and on July 28, 2010, the appellate court affirmed the denial of the Rule 3.850 motion. *Jones v. State*, 41 So. 3d 223 (Fla. 2d DCA 2010) [table].

On February 7, 2010, Petitioner filed a Motion to Enforce Plea and Sentence Intent in the Polk County circuit court (Id. at docket pp. 50-54). On April 15, 2010, the circuit court granted the motion, finding that Petitioner was "entitled to any previously earned gain time in this case." (Id. at docket pp. 55-56).

On May 8, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in the circuit court for Santa Rosa County, Florida (Dkt. 10, Ex. 13 at pp. 96-114). The Petition for Writ of Habeas Corpus was denied in part and dismissed in part on June 10, 2010 (Dkt. 10, Ex. 14 at pp. 116-19). Petitioner appealed the denial of the petition (Dkt. 10, Ex. 15 at pp. 121-22). However, on August 27, 2010, Petitioner filed a motion to voluntarily dismiss the appeal, which the appellate court granted on the

same day (Id. at p. 124).

On August 15, 2010, Petitioner filed a Motion to Correct Sentence pursuant to Rule 3.800(a), Fla.R.Crim.P., in the Polk County circuit court (Dkt. 15, Ex. B - Part 1 at docket pp. 70-80). The Rule 3.800(a) motion was denied on September 3, 2010 (Dkt. 15, Ex. B - Part 2 at docket p. 2). Petitioner appealed, and on March 9, 2011, the appellate court affirmed the denial of the Rule 3.800(a) motion. *Jones v. State*, 56 So. 3d 775 (Fla. 2d DCA 2011) [table]. The appellate court mandate issued on April 5, 2011. *See* Florida Second District Court of Appeal online docket at http://199.242.69.70/pls/ds/ds_docket.

On August 31, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in the Santa Rosa County circuit court (Dkt. 10, Ex. 17 at pp. 128-38). The petition was denied on December 10, 2010 (Dkt. 10, Ex. 23 at pp. 197-201). Petitioner filed a motion for rehearing (Dkt. 10, Ex. 24 at pp. 203-04), which was denied on March 11, 2011 (Dkt. 10, Ex. 25 at p. 209). Petitioner did not appeal.

On March 27, 2011, Petitioner filed his Motion to Withdraw Plea pursuant to Rule 3.850, Fla.R.Crim.P., in the Polk County circuit court (Dkt. 15, Ex. B - Part 2 at docket pp. 14-34). On April 1, 2011, the circuit court denied the motion as untimely and successive (Id. at docket pp. 35-43).

On August 4, 2011, Petitioner filed his Second Motion to Enforce Plea and Sentence Intent in the Polk County circuit court (Id. at docket pp. 44-65). On August 29, 2011, the circuit court denied the motion as successive (Id. at docket pp. 66-68). Petitioner appealed. On March 23, 2012, the appellate court affirmed the denial of the motion. *Jones v. State*, 84 So. 3d 318 (Fla. 2d DCA 2012) [table]. The appellate court mandate issued on April 20, 2012 (Dkt. 15, Ex. A at docket p. 9).

Petitioner filed the instant federal habeas petition on June 5, 2012 (Dkt. 1 at p. 1).

## DISCUSSION

### I. Timeliness

The Florida Parole Commission contends that the petition is time-barred. The Court disagrees.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for seeking federal habeas corpus relief from a state-court judgment. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitation period runs from the latest of . . . "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The Florida Parole Commission revoked Petitioner's conditional release supervision on October 1, 2008. Therefore, for purposes of § 2244(d), Petitioner's state judgment became final on October 31, 2008, upon expiration of the time for taking a timely appeal of the judgment revoking conditional release supervision. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for appeal expired); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30-day time period for filing an appeal expires).

Petitioner did not file any motions for post-conviction relief between November 1, 2008, and March 8, 2009. Therefore, 128 days of the one-year limitations period under § 2244(d) elapsed. On March 9, 2009, Petitioner tolled the limitations period when he filed his Motion to Clarify Sentence in the Polk County circuit court. The state circuit court denied the motion on April 29, 2009. At that time, because Petitioner filed a Petition for Writ of Mandamus on March 31, 2009, the limitations period remained tolled until the Leon County circuit court denied the Petition for Writ of Mandamus on August 26, 2010.

While the Petition for Writ of Mandamus was pending, Petitioner filed his Rule 3.800(a) Motion to Correct Sentence in the Polk County circuit court on August 15, 2010. The Rule 3.800(a) remained pending until the appellate court mandate issued on April 5, 2011.[2]

Petitioner did not file any motions for post-conviction relief between April 6, 2011, and August 3, 2011. Therefore, another 119 days of the one year limitations period elapsed. On August 4, 2011, Petitioner filed his Second Motion to Enforce Plea and Sentence Intent in the Polk County circuit court. The motion remained pending until the appellate court mandate issued on April 20, 2012.[3]

---

[2] Petitioner filed several other post-conviction motions while the Rule 3.800(a) motion was pending. The other motions, however, were no longer pending on April 5, 2011.

[3] Although the state circuit court dismissed the motion (which was treated as a Rule 3.800(a) motion) as successive, the motion was a "properly filed" state post-conviction motion because under Florida law, "a Rule 3.800(a) motion may be filed at any time, and successive motions are permissible." *Nelms v. Sec'y, Dep't of Corr.*, 2013 U.S. Dist. LEXIS 18553, at * 6-7 (M.D. Fla. Feb. 11, 2013) (citing *Moss v. State*, 9 So. 3d 674, 675 (Fla. 3d DCA 2009); *Wesley v. Sec'y, Dep't of Corr.*, No. 8:06-cv-1646-T-24MAP, 2008 U.S. Dist. LEXIS 37748, 2008 WL 1994998, at *3 (M.D. Fla. May 8, 2008) (finding "[a] state court's determination that a state application for post-conviction relief is precluded by a state procedural bar does not render the application improperly filed because '[o]nly the individual claims, and not the application concerning those claims, can be procedurally defaulted under state law.") (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000))).

Petitioner did not file any motions for post-conviction relief between April 21, 2012, and June 4, 2012. Therefore, another 44 days of the one-year limitations period elapsed before Petitioner filed his federal habeas petition on June 5, 2012. Thus, a total of only 291 (128 + 119 + 44 = 291) days expired during which no collateral proceeding was pending in state court before Petitioner filed the instant federal habeas petition. Accordingly, the petition is timely.

## II. Exhaustion of state remedies

Respondents contend that the petition must be dismissed because Petitioner failed to exhaust his state remedies prior to filing the petition. Specifically, Respondents argue that in order to exhaust state remedies with regard to a gain time claim, a petitioner must file a mandamus or habeas petition in the appropriate circuit court and, if unsuccessful, seek review in the appropriate district court of appeal. Respondents assert that although Petitioner filed multiple petitions for either mandamus or habeas relief, Petitioner failed to seek appellate review of the denial of those petitions.

Before a federal court may grant habeas relief, a petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (C). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir.

2003). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt*, 348 F.3d at 1358-59 (quoting *Boerckel*, 526 U.S. at 845).

Petitioner raised his claims in his petitions for mandamus and habeas relief.[4] Petitioner, however, did not seek appellate review of the denial of those petitions.[5] Because Petitioner failed to seek appellate review, he did not give the state courts a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845. Consequently, Petitioner failed to exhaust his state court remedies.

### III. Merits review

Notwithstanding Petitioner's failure to exhaust, the Court concludes that the federal habeas petition should be denied on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Habeas relief can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In his petition, Petitioner does not raise a federal constitutional question. Rather, he argues only that the Florida Department of Corrections unlawfully increased his sentence upon his return to incarceration after the revocation of his conditional release supervision by forfeiting the

---

[4]See Dkt. 10, Ex. 8 at pp. 50-63; Dkt. 10, Ex. 13 at pp. 96-114; Dkt. 10, Ex. 17 at pp. 128-38.

[5]Although Petitioner did appeal the denial of his May 8, 2010 Petition for Writ of Habeas Corpus (Dkt. 10, Ex. 15 at pp. 121-22), he voluntarily dismissed the appeal (Id. at p. 124).

gain time he had earned during his pre-supervision incarceration because (1) it was "unlawful" to forfeit the gain time Petitioner earned while serving the original 10-year sentence because that sentence had expired, (2) Petitioner should not have been placed on conditional release because it was an "unlawful new" sentence, and (3) the forfeiture of gain time violated the state trial court's intent that Petitioner serve only three years in prison after the revocation of his probation on October 19, 2006 (Dkts. 1, 2). Because the claims do not allege a federal constitutional or statutory violation, they are not cognizable in the instant § 2254 action, and Petitioner is not entitled to relief on the claims.

Moreover, even if Petitioner's claims (collectively) could be construed liberally as a federal due process challenge to his continued incarceration, Petitioner still would not be entitled to relief. The state courts found that under Florida law (1) Petitioner was properly released to conditional release supervision, and (2) the Department of Corrections properly forfeited all of Petitioner's gain time following revocation of supervision (see Dkt. 10, Ex. 11 at pp. 89-92; Dkt. 10, Ex. 23 at pp. 197-201). State courts constitute the final arbiters of state law. *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997), *cert. denied*, 523 U.S. 1023 (1998). Therefore, this Court is bound by the state courts' determinations. *See Mendiola v. Estelle*, 635 F.2d 487, 489 (5th Cir. Unit A 1981) ("State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases."). Consequently, because Petitioner was properly placed on conditional release supervision,[6] and all of his gain time was properly forfeited

---

[6]Florida's Conditional Release Program Act was enacted in 1988. See Florida Statutes §§ 947.1405, 947.141. In 1988, the Act provided, in pertinent part, that:

upon revocation of supervision,[7] he has failed to demonstrate that his sentence has expired, and that he is entitled to immediate release.[8]

Additionally, Petitioner has not demonstrated that the state courts' denial of his claims was contrary to clearly established Supreme Court law or based on an unreasonable determination of the facts.[9] Petitioner has not shown that the state courts reached an opposite conclusion from the United States Supreme Court on a question of law.[10] Furthermore, Petitioner has not identified any United

---

> Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3 or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution... shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions....

§ 947.1405 (1988 Supp.). Petitioner qualified for placement on conditional release supervision by virtue of the fact that he committed his offenses in June 1989 (after October 1, 1988), his offense of armed robbery was a category 3 offense, and he had served a prior felony commitment in state court for burglary (Dkt. 9 at Ex. A; Dkt. 9, Ex. J at docket p. 3; Dkt. 10 at Ex. 1).

[7]See Fla. Stat. § 944.28(1) (if conditional release is revoked, "the department may, without notice or hearing, declare a forfeiture of all gain-time earned according to the provisions of law by such prisoner prior to . . . his or her . . . conditional release.").

[8]Petitioner's 13-year prison sentence following revocation of probation in October 2006, was not increased as a result of the forfeiture of Petitioner's gain time. At the time Petitioner was released on conditional release supervision on December 21, 2007, Petitioner had actually served only 1374 days of the 4745 day (13 years) sentence (Dkt. 10, Ex. 19 at pp. 163-64). Because of gain time, Petitioner was released 3371 days early to begin conditional release supervision (Id.). After supervision was revoked in 2008, Petitioner was required to serve the remaining 3371 days of his 13-year sentence (Id.). Therefore, Petitioner's sentence has not expired, and he is not entitled to immediate release from incarceration.

[9]Pursuant to 28 U.S.C. § 2254(d), habeas relief may not be granted on a claim adjudicated on the merits in state court unless such determination "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

[10]This Court is not aware of any decision by either the Supreme Court or the Eleventh Circuit Court of Appeals holding that a state's forfeiture of a prisoner's gain time after the prisoner's conditional release supervision is revoked violates federal law. However, in the context of federal parole, the Eleventh Circuit has stated that once a federal prisoner's release is revoked, the parole commission "ha[s] the authority to forfeit the [prisoner]'s good-time credit as well as credit for time spent on conditional release[.]" *Lambert v. Warden, U.S. Penitentiary*, 591 F.2d 4, 8 (5th Cir. 1979). *See also Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh

States Supreme Court case with a set of materially indistinguishable facts that was decided differently from his case, nor is the court aware of any such case. Therefore, Petitioner has failed to show that the state courts' decisions were contrary to Supreme Court law.

Accordingly, it is **ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate any pending motions, and close this case.

# CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability (COA). A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a COA. Id. Petitioner is entitled to a COA only if he demonstrates that reasonable jurists would find debatable whether the Court's procedural ruling was correct and whether the § 2254 petition stated "a valid claim of the denial of a constitutional right." Id.; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack*, 529 U.S. at 484, or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

---

Circuit).

Petitioner cannot make the requisite showing because he has not demonstrated that reasonable jurists would find debatable whether the procedural determination that his claims were unexhausted was correct, or whether the petition stated a substantial denial of a constitutional right. And because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida on  APRIL 30th , 2015.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
Counsel of Record